PER CURIAM:
Denied. Relator's application was not timely filed in the district court, and he fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8 ; State ex rel. Glover v. State , 93-2330 (La. 9/5/95), 660 So.2d 1189. We attach hereto and make a part hereof the district court's written reasons denying relief.
Relator has now fully litigated two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Attachment
*967 STATE OF LOUISIANA NUMBER: 278194 22ND JUDICIAL DISTRICT COURT VERSUS PARISH OF ST. TAMMANY JAMIE HAGER STATE OF LOUISIANA FILED: September 1, 2016 DEPUTY CLERK
ORDER
Petitioner filed an application for Post Conviction Relief on July 11, 2016, alleging four claims for relief.
On September 9, 1999, petitioner was convicted of forcible rape. His conviction and sentence were affirmed on appeal. On October 15, 2003, petitioner filed an application for post-conviction relief, which was denied on December 4, 2003. The Louisiana First Circuit Court of Appeal denied petitioner's writ application on July 23, 2004. The Louisiana Supreme Court denied petitioner's application for supervisory writs on January 14, 2005, and denied his application for reconsideration on March 24, 2005. Thereafter, petitioner filed a petition for federal habeas corpus relief, which was dismissed without prejudice for failure to exhaust state court remedies on November 17, 2005.
The pending application was not filed within the time prescribed by Code of Criminal Procedure Article 930.8, and petitioner has failed to establish the applicability of an exception to such time limitation.
Accordingly, petitioner's application for post-conviction relief shall not be considered.
IT IS ORDERED that the Clerk of Court of the Parish of St. Tammany give notice of this Order to petitioner, the District Attorney for the Parish of St. Tammany, and the petitioner's custodian.
Covington, Louisiana, this 1 day of September, 2016.
HONORABLE ALLISON H. PENZATO